FILED & JUDGMENT ENTERED
Steven T. Salata

July 16 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T Beyer
_____
Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| **GABBIDON BUILDERS, LLC,** | )   Chapter 7 |
| | )   Case No. 20-30845 |
| Debtor. | ) |
| _____ | ) |

**ORDER DENYING DEBTOR'S MOTION REQUESTING RECONSIDERATION**

**THIS MATTER** is before the court on the Debtor's Motion Requesting Reconsideration of Order (I) Denying Confirmation of the Plan and (II) Converting Case to Chapter 7 (the "Motion") filed on May 28, 2021. The Motion seeks to set aside the May 14, 2021 Order (I) Denying Confirmation of the Plan and (II) Converting Case to Chapter 7 (the "Order"). For the reasons explained below, the court denies the Motion.

The Debtor filed a Chapter 11 bankruptcy petition on September 19, 2020 and chose to proceed under Subchapter V. The Debtor first filed a Chapter 11 Plan of Reorganization on December 18, 2020 (the "December 18 Plan"). In response, the Subchapter V Trustee filed a motion to convert the case from Chapter 11 to Chapter 7

(the "Motion to Convert") on January 6, 2021.  The Bankruptcy Administrator and creditors Belva and Myron Martin, Eric and Shamea Shelton, and Mukesh and Sandyha Nigam (the "Litigation Creditors") filed joinders to the Motion to Convert.  The Bankruptcy Administrator and Litigation Creditors also filed objections to the December 18 Plan.  The Debtor subsequently filed an Amended Chapter 11 Plan of Reorganization (the "Amended Plan") on February 17, 2021, and the Bankruptcy Administrator renewed her objection to the Amended Plan on March 25, 2021.  The court continued the hearings on the Amended Plan and the Motion to Convert to May 5, 2021.

Counsel for the Debtor, counsel for the Litigation Creditors, the Subchapter V Trustee, and the Bankruptcy Administrator appeared at the May 5 hearing (the "Confirmation Hearing").  At the Confirmation Hearing, after reviewing the Amended Plan, the Motion to Convert, the objection to the Amended Plan, and hearing all the evidence, the court denied confirmation of the Amended Plan and decided to convert the case to Chapter 7.  The court subsequently entered the Order on May 14, 2021 and appointed Cole Hayes as the Chapter 7 Trustee in the case.

In response to the Order, the Debtor filed the Motion seeking to set aside the Order pursuant to Federal Rules of Civil Procedure

59(a)(1)(B) and (a)(2)[1] and 60(b)(6).[2]  The Debtor argues that the court misconstrued certain evidence presented at the Confirmation Hearing and thus, the court's findings of fact are not accurate. The Debtor also contends that the court erred in its conclusions of law, citing the legislative intent of Subchapter V and existing case law.  The Bankruptcy Administrator and the Chapter 7 Trustee both filed objections to the Motion on June 24, 2021.  The court held a hearing on the Motion on June 30, 2021.  Counsel for the Debtor, the Bankruptcy Administrator, and the Chapter 7 Trustee appeared at the hearing.  At the hearing, the court denied the Debtor's Motion for the reasons outlined below.

The Motion is vague about which parts of Rule 59 are applicable as possible grounds for relief.  The Motion references parts (a)(1)(B) and (a)(2), which are applicable to motions for new trials and not motions requesting reconsideration of an order. In determining whether to grant the Motion, the appropriate rule to consider is Federal Rule 59(e).  The Fourth Circuit has recognized three bases for altering or amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d

---

[1] Federal Rule of Bankruptcy Procedure 9023 makes Federal Rule of Civil Procedure 59 applicable to bankruptcy cases.
[2] Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60 applicable to bankruptcy cases.

396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. (citations omitted). Rule 59(e) motions are "an extraordinary remedy which should be used sparingly." Id. (quoting WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 124 (2d ed. 1995)).

Here, the Motion does not identify any new evidence, intervening change in law, or errors of law justifying reconsideration. In arguing that the court erred in its findings of fact, the Debtor simply quotes large sections of the Order and then states that the court misconstrued the evidence presented at the Confirmation Hearing. The Debtor proffers no new evidence and attempts to relitigate issues already decided. The Debtor also fails to identify any intervening change in law. Instead, the Debtor raises legal arguments it previously made at the Confirmation Hearing, which the court addressed at the Confirmation Hearing.

Finally, there is no clear error of law justifying reconsideration. The Debtor argues in its Motion, as it did at the Confirmation Hearing, that Congress implemented Subchapter V to help small businesses that were hit hard by the COVID-19

4

pandemic. Drafts of Subchapter V circulated long before the pandemic started, and the Small Business Reorganization Act of 2019, which implemented the provisions of Subchapter V, was signed into law on August 23, 2019. Subchapter V officially became effective on February 19, 2020, before COVID-19 was declared a national emergency in March 2020. Congress did temporarily expand access to Subchapter V bankruptcy relief during the pandemic to assist small businesses; however, the Debtor's argument that Congress implemented Subchapter V as a direct result of the pandemic is simply incorrect. The Debtor also cites to two cases that it previously cited at the Confirmation Hearing and states that since the Subchapter V case law is constantly evolving, the court should follow In re Pearl Res. LLC, 622 B.R. 236 (Bankr. S.D. Tex. 2020) and In Re Ellingsworth Residential Cmty. Ass'n, Inc., 619 B.R. 519 (Bankr. M.D. Fla. 2020). Based primarily on the fact that the courts in these two cases confirmed Subchapter V plans after applying the "fair and equitable" standard under 11 U.S.C. § 1191(c), the Debtor contends that the Amended Plan in this case should be confirmed. The Debtor's argument fails to specifically address feasibility, the court's primary concern with the Amended Plan, and why these two cases should change the outcome in this case. Moreover, the Debtor concedes that the cases are not controlling in this jurisdiction. As a result, there is no clear error of law justifying reconsideration, and setting aside the Order under Rule 59(e) would be inappropriate.

The next rule to consider is Federal Rule 60(b). Rule 60(b) allows for relief to a party or its legal representative from a final judgment, order, or proceeding. Rule 60(b)(6) is a catch-all provision that allows for relief from a judgment for "any other reason that justifies relief." Relief under this rule is available only in "extraordinary circumstances." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011). "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue" and cannot be used to simply ask the court to change its mind. United States v. Williams, 674 F.2d 310, 312-13 (4th Cir. 1982).

Here, the Motion does not discuss the extraordinary circumstances that would justify setting aside the Order under Rule 60(b)(6). As already noted, the Motion is primarily an attempt to reargue issues already determined. There is no new evidence or new law raised in the Motion, and there are no extraordinary circumstances mandating relief. The Motion is simply asking the court to change its mind. Therefore, the Motion pursuant to Rule 60(b)(6) should be denied.

The Motion contains many errors, large portions of the Motion appear to be cut and pasted from the Order, and the Motion is simply an attempt by the Debtor to relitigate issues already determined by the court. The Debtor puts forth no new evidence, no case law justifying reconsideration, and there is no clear error causing injustice to the Debtor as the court properly heard and thoroughly considered all the issues presented. It is not

6

reconsideration when a litigant thinks a court reached the wrong conclusion and would like a different outcome. Accordingly, the court hereby **DENIES DEBTOR'S MOTION REQUESTING RECONSIDERATION.**

    **SO ORDERED.**

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.    United States Bankruptcy Court