IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Gabbidon Builders, LLC** | ) | Case No. 20-30845 |
| | ) | |
| Debtor. | ) | |

## MOTION TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019

Cole Hayes, trustee for the estate of the above captioned Chapter 7 bankruptcy (the "Trustee"), requests entry of an order approving the settlement between the Bankruptcy Estate, and Belva and Myron Martin (together, the "Martins") regarding the amount owed to the Martins by the Bankruptcy Estate. In support of the relief requested, the Trustee respectfully asserts the following:

### JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is appropriate in this district pursuant to 28 U.S.C. § 1409. Bankruptcy Rule 9019 affords the relief sought herein.

2. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 29, 2021 (the "Petition Date"). For cause, the Court converted this case to Chapter 7 of the Bankruptcy Code on May 14, 2021 [Doc. 175]. The Trustee was appointed thereafter.

3. Prior to the Petition Date, the Martins entered into a contract with the Debtor for the construction of a residence. The Debtor and the Martins agreed that the Martins would pay the Debtor the total price of $457.114.00 to build the residence.

4. The Martins assert that the Debtor defaulted on their contract, converted funds, committed fraud, and caused damage to Martins in the amount of $233,676.48 [Doc. 284] and that such damages should be trebled as allowed by applicable state law.

5. During the Chapter 11 case, the Martins opposed confirmation of the Debtor's plan of reorganization, filed an adversary proceeding against the Debtor, and sought conversion of the case.

6. Since his appointment, the Trustee has investigated the assertions made by the Martins, reviewed the pleadings in the Martin's adversary proceeding, and examined the evidence presented by the Martins. The Trustee concluded that the Martins were damaged by acts of the Debtor but disagreed with the Martins as to the calculation and priority of the damages owed by the Bankruptcy Estate.

7.    The parties engaged in settlement negations regarding the amounts sought by the Martins and reached a resolution of the amount owed to the Martins by the Bankruptcy Estate. The Trustee now seeks approval of that resolution pursuant to Bankruptcy Rule 9019.

## SETTLEMENT TERMS

8.    The Martins and the Trustee agree as follows:

a. The Martins shall have an allowed general unsecured claim against the Bankruptcy Estate in the total amount of $232,847.31 (the "Allowed Claim").

b. In addition to the Allowed Claim, the Martins shall have a subordinated claim against the Bankruptcy Estate pursuant to 11 U.S.C. § 726(a)(4) in the amount of $465,694.62 (the "Subordinated Claim").

c. With the exception of the Allowed Claim and the Subordinated Claim, the Martins shall release, acquit, and forever discharge the Bankruptcy Estate from any and all claims, actions, causes of action, charges, demands, losses, fees and any other damages of any kind that the Martins now have, will have, or have ever had.

d. The Bankruptcy Estate will not pursue any affirmative claims that may hinder the Martins' ability to: (1) bring a veil piercing action against any former officer or owner of the Debtor; (2) bring an action to seek relief from affiliates or other corporate entities of the Debtor; or (3) bring an action to seek relief from a third party directly or indirectly related to the construction of the Martins' residence or funding thereof.

## RELIEF REQUESTED

9.    Bankruptcy Rule 9019(a) states: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

10.    Generally, "compromises are favored in bankruptcy." *Myers v. Martin,* 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)). In approving a settlement, the court "need not conduct an exhaustive investigation," or mini-trial, "into the validity of the merits of the claims sought to be compromised." *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the court finds that the settlement was negotiated in good faith as well as being reasonable, fair and equitable. *Martin v. Kane (In Re: A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

11.    Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount

interest of creditors.  *See Myers*, 91 F.3d at 393 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)).

12. In the sound exercise of his business judgment, the Trustee has determined that the best interests of the Bankruptcy Estate and creditors are served by settling on the terms set forth above.  In reaching this conclusion, the Trustee considered: (a) the amount in controversy as compared to the costs associated with litigating with the Martins; (b) the risks of litigating with Martins; (c) the evidence presented by the Martins; (d) the assets of the Bankruptcy Estate as compared to the claims asserted against the Bankruptcy Estate; and (e) whether the Bankruptcy Estate has any viable chance of collecting any amount from any former officer or owner of the Debtor.

13. The Trustee submits that the settlement proposed herein is reasonable, fair, and equitable, was negotiated at arm's length and in good faith.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order approving the settlement on the terms set forth.

Dated: Charlotte, North Carolina
    October 26, 2021

*/s/ Cole Hayes*
Cole Hayes (Bar No. 44443)
601 S. Kings Drive
Suite F PMB #411
Charlotte, NC 28204
704-490-4247
cole@colehayeslaw.com
*Trustee and attorney for the Trustee*

3